MARTIN JOSEPH, impleaded, &c., appellant, *v.* WALDERMAN FISHER, appellee.

4 137/
58a 337/

*Appeal from Adams.*

To justify a verdict against a defendant, who is sued as a partner, proof should be produced, either that the defendant had admitted the existence of the partnership, or had done some act from which a jury might fairly infer that a partnership existed.

Where a defendant is sued as a member of a partnership, in which he had formerly been a partner, on an account for goods sold and delivered, if it is proved that some of the articles mentioned in the account were purchased during the existence of the partnership, notice, to the plaintiff, of the dissolution, must be shown, to discharge the defendant from the remainder of the account.

A defendant cannot assign for error, that other persons should have been joined as plaintiffs. Such an objection should be made in the Court below, where, if well founded, it would be ground for a nonsuit.

THIS cause was heard in the Court below, at the November special term, 1838, before the Hon. James H. Ralston.

A. WILLIAMS and JOHN JOHNSTON, for the appellant.

M. McCONNEL and J. A. McDOUGALL, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the (old) Court:

This was an action brought by Fisher against Martin Joseph, Joseph Bence, and others, before a justice of the peace, on an account for groceries, made out against Messrs. Bence & Co., in favor of W. Fisher & Co. The first charge in the account, was in April, 1837, and the last in August, of the same year. On the trial before the justice, judgment was given in favor of Fisher, against Martin Joseph and the other defendants. The cause was taken by appeal into the Circuit Court of Adams county, and, on the trial in that Court, a judgment was also rendered in favor of Fisher. The bill of exceptions, taken on the refusal of the Court below to grant a new trial, contains the testimony on which the judgment was rendered. From which it appears that the plaintiff below proved by N. Twig, that he knew Joseph Bence and Casper Joseph, and understood the defendants were in partnership, in a grocery in Quincy, near the grocery of the plaintiff. He never saw Martin Joseph in plaintiff's grocery, but did see Joseph Bence take a barrel, or perhaps two, and supposed that they contained brandy. The plaintiff also proved by one L. W. F. Butts, that he had been a clerk in the store of the plaintiff; that the plaintiff had the reputation of keeping fair and honest books; that he had seen Joseph Bence dealing with the plaintiff, and understood that the defendant was formerly a partner in the firm of J. Bence & Co.; had seen Joseph Bence at the plaintiff's grocery, dealing. That he had seen said Bence take some empty bottles and barrels across the street, from the plaintiff's, to the grocery of J. Bence & Co.;

but never saw the defendant purchase anything of the plaintiff. The sign over the grocery of J. Bence & Co., was J. Bence & Co., which sign remained over the door as long as a grocery was kept there.   Another witness testified, that he lived in the vicinity of said grocery; had seen Bence twice or thrice take from the grocery of the plaintiff, bottles of beer or porter, he thought half a dozen each time ; that the sign was as above.

A witness called on the part of the defendant testified, that the defendant had been in partnership with Joseph Bence, Severin Bence, and Casper Joseph, but did not agree very well with Joseph Bence, and in consequence dissolved, in the month of April, 1837, after they had been in partnership about two or three months ; that the grocery continued in the same house, under the same sign, after Martin Joseph retired from the said firm, until some time late in the summer of 1837 ; and that after the said Bence & Co. quit keeping grocery, to wit, in the month of October, 1837, the plaintiff called on Joseph Bence, in witness' presence, and settled with him for said grocery account, and, on said settlement, it was ascertained that there was due said plaintiff, on said account, about $66, and that said plaintiff took the note of said Joseph Bence for the amount thus found to be due him, and asked witness if he would not sign said note, as surety of said Bence ; that said plaintiff did not say, in the settlement of said account, anything about considering Martin Joseph bound for said account.   This was all the testimony adduced on the trial.   The Court instructed the jury, that if they believed that W. Fisher settled his account with Joseph Bence, on account of the grocery dealings, and took the note of Joseph Bence for the balance due him, they would find for the defendant.

The jury, however, found a verdict for the plaintiff, for $94.65. The defendant, Martin Joseph, thereupon moved the Court for a new trial, for the following, among other reasons, to wit, because the verdict was contrary to the instructions of the Court, and against evidence.   This motion the Court overruled, and gave judgment for the plaintiff below.   Numerous errors have been assigned ; it is, however, only necessary to notice the following one, to wit, the refusal of the Court to grant a new trial.

Was the testimony in this case sufficient to justify a verdict against the appellant?   We think not.   It was incumbent on the plaintiff below to prove, not only the delivery of the goods, but that Martin Joseph was a partner of the firm of J. Bence & Co. Neither of the witnesses prove that Martin Joseph ever purchased any of the groceries charged in the plaintiff's account.   The mere understanding of the plaintiff's witnesses, that Martin Joseph was a partner, is certainly too loose, and would, if allowed, lead to dangerous consequences.   To justify a verdict against a defendant, who is sued as a partner, proof ought to have been given, either that the defendant had admitted the existence of the partnership,

or had done some act from which a jury might fairly infer that a partnership existed.

The testimony introduced, on the part of the defendant below, did not prove that he was a partner, after the goods were purchased. If it had clearly appeared, from the testimony, that while the partnership existed, some of the articles had been purchased, it would then have been incumbent on the defendant to have proved notice of the dissolution of the partnership, to discharge him from the remainder of the account. This, however, does not appear from the testimony. The verdict consequently was against the evidence, and a new trial should have been granted by the Court below.

It was objected in the assignment of errors, that the account being made out in the name of W. Fisher & Co., the action was not correctly brought in the name of Walderman Fisher. This objection cannot be assigned for error. If more plaintiffs ought to have been joined in the action, it ought to have been made the subject of objection in the Court below, where, if the objection was well founded, it would have been ground for a nonsuit.

The judgment below is reversed, with costs, and the cause remanded to the Court below, with instructions to issue a *venire de de novo.*

*Judgment reversed.*